NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5891-13T1

DIEUSEUL SYLINCE,

 Plaintiff-Appellant,

v.

THRIFT AUTO SALES, INC. and
TINO RODRIGUES,

 Defendants-Respondents.
____________________________________

 Submitted May 20, 2015 – Decided October 14, 2015

 Before Judges Fuentes, Kennedy and O'Connor.

 On appeal from Superior Court of New Jersey,
 Law Division, Special Civil Part, Morris
 County, Docket No. DC-2187-14.

 Pinilis Halpern, LLP, attorneys for appellant
 (William J. Pinilis, on the brief).

 Respondents have not filed a brief.

 The opinion of the court was delivered by

FUENTES, P.J.A.D.

 Plaintiff Dieuseul Sylince filed a one count civil

complaint against defendants Thrift Auto Sales, Inc. and Tino

Rodrigues alleging violation of the Consumer Fraud Act (CFA),

N.J.S.A. 56:8-1 to -20. Plaintiff’s complaint sought treble

damages and counsel fees as provided by the CFA under N.J.S.A.
56:8-19. After a bench trial, the judge found in plaintiff's

favor and entered judgment against defendants in the amount of

$2,355.60. Despite these undisputed facts, the trial judge

denied plaintiff's counsel's motion to treble the damage award

and denied his application for counsel fees, finding the CFA did

not apply based on what the judge characterized as "an error" on

defendants' part.

 We now reverse and remand for the trial court to enter

judgement against defendants trebling the award of monetary

damages which constituted an "ascertainable loss" under the CFA.

The court shall also award plaintiff’s counsel reasonable fees

in connection with his representation of plaintiff in this case,

including the time counsel spent in connection with this appeal

as provided by N.J.S.A. 56:8-19. The record shows plaintiff

proved: (1) he was the victim of defendants' unconscionable

commercial practices in the form of knowing misrepresentations

concerning the sale of an extended service contract; (2)

demonstrated an ascertainable loss; and (3) established a causal

relationship between the unlawful conduct and the ascertainable

loss. Under these circumstances, treble damages and counsel

fees under N.J.S.A. 56:8-19 are mandatory. D'Agostino v.

Maldonado, 216 N.J. 168, 185 (2013).

 The following facts are undisputed. On January 11, 2014,

defendants sold plaintiff a 2006 Chrysler 300 for $8,500. In

 2 A-5891-13T1
connection with the purchase of this car, defendants also sold

plaintiff a third-party extended service contract for an

additional $1000. Defendants represented to plaintiff that

under this extended service contract Chrysler would pay certain

repairs for a period of three months from the date of sale,

regardless of the number of miles driven during this three-month

period.1

 Within the ninety-day extended service period plaintiff

experienced certain mechanical problems with the car and noticed

the "check engine" light had activated. Plaintiff immediately

brought the car to defendants' mechanic for an evaluation.

Defendants' mechanic told plaintiff they were unable to find

anything wrong with the car. Defendants reset the "check

engine" light to ensure this signal was no longer activated when

plaintiff took possession of the car.

 Shortly thereafter, plaintiff's "check engine" light again

activated. This time, plaintiff brought the car to an

independent mechanic employed by Beyer Chrysler Jeep Dodge, a

local Chrysler dealership. The mechanic at Beyer Chrysler

1 The "Car's Protection Plus" extended service contract
defendants purportedly sold to plaintiff for $1000 was intended
to cover repairs to the "engine/fuel system, automatic
transmission/transfer case, manual transmission/transfer case,
suspension, seals, gaskets, & fluids, steering components, brake
components, air conditioning and Freon, engine cooling system,
electrical components, labor, (at a rate of $60 per hour),
rental benefits, and 24-hour roadside service."

 3 A-5891-13T1
informed plaintiff that the car's intake manifold needed repair

at an estimated cost in excess of $2000. Beyer Chrysler

repaired the car, ultimately charging plaintiff $2,289.60.

Plaintiff proved, and the trial judge found as a matter of fact,

that defendants did not transmit plaintiff's $1000 to the

company that offered the extended service contract. In fact,

defendant Tino Rodrigues admitted at trial he did not attempt to

purchase the extended service contract on plaintiff's behalf

until after Beyer Chrysler had already completed the repairs on

plaintiff's car. As a result, plaintiff ended up having to pay

Beyer Chrysler the $2,289.60 charge for repairing the car.

 The record shows that before filing this suit, plaintiff

requested defendants to pay for the cost of the repairs.

Defendants refused. Furthermore, although defendants charged

plaintiff $1000, the actual premium for this extended service

was $250. Despite these uncontested facts, the trial judge

concluded defendants' conduct had not violated the CFA. The

judge gave the following explanation in support of this

conclusion.

 But I don't find that there's sufficient
 evidence for the Court to conclude that
 somehow this was intentional action by
 Thrift Auto Sales from its inception. And I
 understand the Consumer Fraud Act does not
 require intentional conduct. I'm just
 responding to what I perceive counsel's
 arguments to be.

 4 A-5891-13T1
I don't think there's sufficient evidence
that the Court can draw an inference that at
the time of the purchase of the car it was
the intent of Thrift Auto Sales not to send
in the service contract.

If that were their intent and they made
representations to the plaintiff that he
would be covered and he paid for a service
contract and all along the defendant had no
intent of actually sending it in, which
would cause their account to be debited
$249, that would certainly be a violation of
the Consumer Fraud Act.

But I think the facts here are a little bit
different. I don't think I can draw an
inference that that was the conduct of the
defendant here. Certainly they didn't send
the contract in to be activated for whatever
reason. And as I said it's unclear to the
Court what that reason was, whether they
just failed to do it.

But I do note that the plaintiff testified,
Mr. Sylince, that he had a conversation with
the representative of Thrift Auto Sales and
during that conversation he said the
representative told Mr. Sylince that
somebody screwed up, or words to that
effect.

And from that I can draw the inference that
someone at Thrift Auto Sales failed to fax
the contract. It seems to me you're at a
routine function of Thrift Auto Sales, but
for whatever reason they didn't do it in
this case. And the warranty wasn't covered.

And Mr. Sylince should certainly be
compensated for the amount that he expended,
$2,289.60. And I will find in his favor in
that amount.

But the issue as addressed by counsel is
whether the facts in this case warrant a

 5 A-5891-13T1
 violation of the Consumer Fraud Act. And I
 don't find that they do in this case.

 We review the trial court's legal conclusion de novo.

Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366,

378 (1995) ("A trial court's interpretation of the law and the

legal consequences that flow from established facts are not

entitled to any special deference.") Our Supreme Court has

recently reaffirmed how a court should construe the CFA.

 We construe the CFA in light of its
 objective to greatly expand protections for
 New Jersey consumers. As this Court has
 noted, the CFA's original purpose was to
 combat sharp practices and dealings that
 victimized consumers by luring them into
 purchases through fraudulent or deceptive
 means.

 In a 1971 amendment to the CFA, the
 Legislature supplemented the statute's
 original remedies available to the Attorney
 General with a private cause of action. The
 CFA's private cause of action is an
 efficient mechanism to: (1) compensate the
 victim for his or her actual loss; (2)
 punish the wrongdoer through the award of
 treble damages; and (3) attract competent
 counsel to counteract the community scourge
 of fraud by providing an incentive for an
 attorney to take a case involving a minor
 loss to the individual.

 [D'Agostino, supra, 216 N.J. 183-184
 (quotations and citations omitted)].

 To prevail in a cause of action asserting a violation of

the CFA a plaintiff must prove: "'1) unlawful conduct by

defendant; 2) an ascertainable loss by plaintiff; and 3) a

 6 A-5891-13T1
causal relationship between the unlawful conduct and the

ascertainable loss.'" Id. at 184 (quoting Bosland v. Warnock

Dodge, Inc., 197 N.J. 543, 557 (2009)). The CFA defines the

term "unlawful practice or conduct" as:

 The act, use or employment by any person of
 any unconscionable commercial practice,
 deception, fraud, false pretense, false
 promise, misrepresentation, or the knowing,
 concealment, suppression, or omission of any
 material fact with intent that others rely
 upon such concealment, suppression or
 omission, in connection with the sale or
 advertisement of any merchandise or real
 estate, or with the subsequent performance
 of such person as aforesaid, whether or not
 any person has in fact been misled, deceived
 or damaged thereby, is declared to be an
 unlawful practice; provided, however, that
 nothing herein contained shall apply to the
 owner or publisher of newspapers, magazines,
 publications or printed matter wherein such
 advertisement appears, or to the owner or
 operator of a radio or television station
 which disseminates such advertisement when
 the owner, publisher, or operator has no
 knowledge of the intent, design or purpose
 of the advertiser.

 [N.J.S.A. 56:8-2 (Emphasis added)].

 Here, it is undisputed that at the time plaintiff first

brought his car in for repairs, defendants misrepresented and

knowingly concealed from plaintiff that they had not purchased

the third-party extended service contract. It is equally clear

defendants misrepresented and concealed the condition of

plaintiff's car when they returned the vehicle to plaintiff.

Specifically, defendants (1) failed to perform the necessary

 7 A-5891-13T1
repairs; (2) deactivated the "check engine" warning light; and

(3) failed to disclose to plaintiff that he did not have the

extended service protection he had paid $1000 to acquire. These

material knowing misrepresentations and omissions constitute the

type of unconscionable commercial practices the CFA was intended

to deter by awarding the victims of such practices treble

damages.

 The record shows plaintiff established the

unconscionability of defendants' conduct, demonstrated an

ascertainable loss in the form of $2,289.60 in repair costs and

$750 in excess premium, and proved a causal relationship between

defendants' conduct and that ascertainable loss. Under these

circumstances, plaintiff is entitled to treble damages and an

award of counsel fees under N.J.S.A. 56:8-19 as a matter of law.

The trial court has no discretion to deny this relief because

the CFA makes both of these things mandatory. D'Agostino,

supra, 216 N.J. at 185.

 We thus reverse the trial court's ruling denying the

applicability of the CFA, and remand for the trial court to

amend the judgment entered against defendants by trebling the

ascertainable loss sustained by plaintiff and awarding plaintiff

"reasonable attorneys' fees, filing fees and reasonable costs of

suit." N.J.S.A. 56:8-19. The court must determine the award of

counsel fees by applying the methodology established by our

 8 A-5891-13T1
Supreme Court in Rendine v. Pantzer, 141 N.J. 292, 337 (1995),

as reaffirmed in Walker v. Giuffre, 209 N.J. 124, 131-132

(2012).

 Reversed and remanded. We do not retain jurisdiction.

 9 A-5891-13T1